UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BRIAN GUENETTE, on his own behalf
and on behalf of those similarly situated**

    **Plaintiff,**

**v.**                                                       **Case No: 5:12-CV-483-Oc-10PRL**

**JOHNSON ENTERPRISES
UNLIMITED, INC.**

    **Defendant.**

## ORDER

Pending before the Court is Plaintiff's Motion for Clerk's Default. (Doc. 7). Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *Laing v. Cordi, III*, No. 2:11cv-566-FtM-29SPC, 2012 WL 4828312 at *1 (M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012).

Plaintiff filed this action on August 30, 2012. (Doc. 1). The summons for Defendant, Johnson Enterprises Unlimited, Inc. was issued and ultimately returned unexecuted. (Doc. 7-2). Plaintiff contends that because Defendant was attempting to conceal its whereabouts, Plaintiff was justified to serve the Florida Secretary of State on behalf of Defendant pursuant to Florida Statutes §48.161. Plaintiff effected service on the Secretary of State on December 27, 2012.

- 2 -

(Doc. 6). On January 18, 2013, Plaintiff filed the instant Motion because Defendant had not yet filed a responsive pleading.

Federal Rule of Civil Procedure 4 allows a plaintiff to serve a defendant corporation in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . ." Fed.R.Civ.P. 4(h)(1) & (e)(1). Plaintiff contends that he has served Defendant pursuant to Florida Statute §48.161, which states in part:

> When authorized by law, substituted service of process on . . . a person who conceals his or her whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows. . .

A statute, such as §48.161, that provides for substituted service must be strictly construed, and the party seeking to effect substituted service has the burden of clearly justifying its applicability. *Young Spring Wire Corporation v. Smith,* 176 So.2d 903 (Fla. 1965). In order to justify the use of substituted service, "[t]he test . . . is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [his] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [him] to effect personal service on the defendant." *Verizon Trademark Services, LLC v. Producers, Inc.*, 2011 WL 3296812, at *5 (M.D.Fla. Aug. 2, 2011)(quoting *Delancy v. Tobias,* 26 So.3d 77, 78 (Fla. App. Ct. 2010)).

At the most basic level, Plaintiff has failed to sufficiently show that Defendant is concealing its whereabouts. Plaintiff's counsel filed an affidavit in which she avers that "Defendant is/was attempting to conceal its whereabouts." (Doc. 7-1). This opinion appears to be based solely on the affidavit of non-service (Doc. 7-2) in which the process server details his efforts to serve Defendant. The process server states that he attempted service at the address for the registered agent, Don Johnson, which was a private mailbox at a UPS Store and he left multiple voicemail messages at a number purportedly for the office of Don Johnson and Johnson Enterprises but received no response. In addition, the process server states that he made numerous unsuccessful attempts to effect service at an address in Fort McCoy, Florida, where he notes a vehicle was present. There is no information in the record as to what if any connection there is between Defendant and this address in Fort McCoy. Likewise, although the process server provided the tag number for the vehicle, there is no stated connection between the vehicle and Defendant. Based on the limited information in the file, the Court cannot find that Plaintiff's counsel "reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [her] to effect personal service on the defendant." *Verizon Trademark Services*, 2011 WL 3296812, at *5; *see also Leviten v. Gaunt*, 360 So.2d 112, 113 (Fla. App. Ct. 1978)("Where neither the affidavit nor the record reveal appropriate diligence in seeking to find the party sought to be served, nor in establishing the fact that such party was indeed attempting to conceal himself, the mere filing of an affidavit alleging concealment is an insufficient basis upon which to predicate substituted service.")

Moreover, Plaintiff has failed to comply with the technical requirements for substituted service. Pursuant to §48.161, the plaintiff must mail a copy of the summons and complaint to the

- 4 -

defendant by registered or certified mail; file the defendant's return receipt; and file an affidavit of compliance. *Verizon Trademark Services*, 2011 WL 3296812, at *4; *Wise v. Warner*, 932 So.2d 591, 592-93 (Fla. App. Ct. 2006). Here, the record reflects no attempt by Plaintiff to serve Defendant by registered or certified mail.

Because Plaintiff has failed to establish that service of process has been effected on Defendant, the Motion for Clerk's Default (Doc. 7) is due to be **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on January 24, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties